IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL LOWMAN                                                                                    PLAINTIFF

vs.                                          Civil No. 2:14-cv-02251

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Michael Lowman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability applications on September 17, 2009. (Tr. 13, 131-135). In his applications, Plaintiff alleges being disabled due to COPD, lumbar spinal stenosis, and depression. (Tr. 163). Plaintiff alleges an onset date of July 9, 2009. (Tr. 13). These applications

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

were denied initially and again upon reconsideration. (Tr. 97-100).

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 117). Plaintiff's administrative hearing was held on May 19, 2010 in Fort Smith, Arkansas. (Tr. 28-70). Plaintiff was present and was represented by counsel, David Harp. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* At this hearing, Plaintiff testified he was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). (Tr. 32). As for his level of education, Plaintiff testified he had completed high school. (Tr. 32-33).

After this hearing, on August 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-23). Plaintiff appealed that unfavorable decision to this Court. *See Lowman v. Aatrue,* 2:11-cv-02166 (W.D. Ark. Sept. 2011). After considering this appeal, this Court reversed and remanded Plaintiff's case for further record development. *Id.* The ALJ then held a second administrative hearing. (Tr. 853-877). At this hearing, Plaintiff was present and was represented by counsel, David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Larry Seifert testified at this hearing. *Id.*

The ALJ then entered a second unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 832-847). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 834, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 9, 2009, his alleged onset date. (Tr. 834-835, Finding 2). The ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, dextroscoliosis of the thoracic spine, osteoarthritis of the right knee,

2

mild chronic obstructive pulmonary disease, varicose veins, insomnia, and an anxiety disorder. *Id.* Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 835-836, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 836-845, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to only occasional balancing and stooping and no climbing, kneeling, crouching, or crawling. He must avoid concentrated exposure to temperature extremes, humidity, fumes/odors/dusts/gases/poor ventilation, and hazards including no driving as part of work. The claimant is limited to work consisting of simple, routine, and repetitive tasks, learned and performed by rote, with few variables, requiring little judgment, with supervision that is simple, direct, and concrete and interpersonal contact that is only incidental to the work performed.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 845, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 846, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following two occupations: (1) ampoule sealer with 22,507 such jobs in the nation and 199 such jobs in Arkansas and (2) addressing clerk with 25,646 such jobs in the nation and 140 such jobs in Arkansas. *Id.*

Because Plaintiff retained the capacity to perform this other work, the ALJ also determined

3

Plaintiff had not been under a disability, as defined by the Act, from July 9, 2009 through the date of his decision or through October 24, 2014. (Tr. 846, Finding 11). Thereafter, on December 9, 2014, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 10, 2014. ECF No. 6. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in assessing his RFC; and (2) the ALJ erred in his Step Five determination. ECF No. 13 at 1-21. Upon review of these claims, the Court agrees with Plaintiff's first argument and finds the ALJ improperly evaluated his subjective complaints. Accordingly, the Court will only address this argument for

reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 836-845). The ALJ summarized his findings as follows:

> . . . Based on all the available evidence, the undersigned finds that it is reasonable to conclude that Mr. Lowman is limited to less than a full range of sedentary unskilled work secondary to his impairments and related symptoms. However, although the claimant has limitations due to his impairments, the undersigned is not persuaded that he is totally disabled and unable to perform work at a level consistent with the above residual functional capacity. *The objective medical evidence of record as set out in detail in this decision, simply does not support the level of disabling pain alleged by the claimant. Further, recent records also indicate that the claimant's anxiety is controlled with medication, and he appears to be functioning very well under considerable family stressors*. . . .

(Tr. 844-845) (emphasis added).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of December 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.